FILED

2012 JUN 25 PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

David S. Toy, Esq.
Email: davidstoyesq@gmail.com
CA SBN 168368
Gilman & Allison LLP
Sunrise Lake Center
9307 Broadway, Suite 407
Pearland, TX 77584
Telephone: 888 225 5767
Facsimile: 866 543 3643
Attorneys for Plaintiffs,
Patricia Sandoval and Nicholas Taliaferro

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SANDOVAL, an individual, and NICHOLAS TALIAFERRO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CARNIVAL CORPORATION, a Panamanian corporation, COSTA CROCIERE, SpA, an Italian public limited company, JOHN DOES 01 through 05, individuals, and JOHN DOE CORPORATIONS 06 through 10, corporations,<br><br>Defendants. | Case No. CV 12-5517-GW (SHx)<br><br>**COMPLAINT**<br><br>BY FAX |

Plaintiffs Patricia Sandoval and Nicholas Taliaferro ("Plaintiffs"), by and through undersigned counsel, bring this action against Defendants identified below, and plead as follows:

This Complaint states individual claims for products liability and negligence, among other things, and is seeking damages in excess of the jurisdictional minimum of this Court, exclusive of interest, costs, and attorneys' fees.

//

//

## I. PARTIES

1.1 Plaintiffs are United States citizens and residents of the State of California.

1.2 Defendant Carnival Corporation is a Panamanian corporation, registered to do business in the state of Florida, with its principal place of business in Miami, Florida, but which will do business in California as Carnival Cruise Lines ("Carnival"). Upon information and belief, and at all relevant times, Carnival controlled or at least heavily influenced the design of the MV *Costa Concordia* to suit its commercial needs as opposed to best or even good marine practices. Carnival may be served with process through its registered agent for service of process in California, C T Corporation, 818 W. Seventh Street, Los Angeles, CA 90017.

1.3 Defendant Costa Crociere SpA is an Italian public limited company, with its principal place of business in Genoa, Italy, and was at all relevant times the owner of the MV *Costa Concordia*. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiffs hereby forward duplicate originals of process with this Complaint, translated into Italian, to the Central Authority for Italy, to wit: L'Ufficio unico degli ufficiali giudiziari presso la corte d'appello di Roma, Via Giulio Cesare 52, 00192 Rome, Italy, for service on Defendant Costa Crociere SpA ("Costa Crociere"), at its home office located at Piazza Piccapietra 48, 16121, Genoa, Italy.

1.4 Defendant John Does 01 through 05 are the fictitious name of the individuals, who upon information and belief, designed the layout of the MV *Costa Concordia*, including but not limited to the arrangement and configuration of the internal spaces such as restaurants and other public areas, as well as placement and arrangement of pools and other fixtures. Plaintiffs assert causes of action against Defendant John Does 01 through 05, and will amend this Complaint or seek leave to

amend as necessary to state the true names of Defendant John Does 01 through 05 when the identities of those individuals have been determined.

1.5 Defendant John Doe Corporations 06 through 10 are the fictitious names of the entity or entities which, upon information and belief, designed and built the MV *Costa Concordia*. Plaintiffs assert causes of action against Defendant John Doe Corporations 06 through 10, and will amend this Complaint or seek leave to amend as necessary to state the true names of Defendant John Doe Corporations 06 through 10 when the identities of those corporations have been determined.

## II. JURISDICTION

2.1 This is an admiralty and maritime claim, within this Court's original jurisdiction pursuant to 28 U.S.C. sections 1331 and 1333, and brought pursuant to the General Maritime Law of the United States, as supplemented by Italian law.

2.2 This Court has general jurisdiction over Carnival by virtue of its regular, continuous, and systematics contacts within the state of California, and its presence in the forum when served.

2.3 This Court has general jurisdiction over Costa Crociere by virtue of its regular, continuous, and systematic contacts within the State of California.

2.4 This Court has general jurisdiction over John Does 01 through 05, and Defendant John Doe Corporations 06 through 10, by virtue of, on information and belief, the regular, continuous, and systematic contacts within the state of California by the Does, and each of them.

## III. VENUE

3.1 Venue is proper in this Court because Defendants and all Does are subject to jurisdiction in this District (hereafter, "Defendants" include all Does, unless otherwise specified.)

3.2 This forum is proper, and not subject to contractual limitation or forum requirements which are void, voidable, and/or unenforceable pursuant to Italian law.

## IV. FACTS

4.1 The foregoing paragraphs are re-alleged as though fully again set forth.

4.2 On or about January 13, 2012, the MS *Costa Concordia* (the "Vessel"), carrying over 4,200 passengers and crew, struck a rock offshore Isola del Giglio, Grosseto, Italy.

4.3 In the chaos and terror that followed, at least 32 people lost their lives, and hundreds more were injured, including Plaintiffs.

4.4 This tragic allision in part resulted from a ridiculous stunt perpetrated by the so-called captain of the Vessel, in an ill-conceived attempt to "salute" the inhabitants of Isola del Giglio, or "honor" past and present crew members who lived on the island, and the failure of Costa Crociere and/or Carnival to implement a proper safety management system.

4.5 Instead of a salute, it was an obscene and deadly gesture; instead of honor, it was shame. The grounding of the Vessel was a tragedy, but the Vessel's design and plan for passenger safety and evacuation was a travesty, leading to loss of life for some, and pain, suffering and ongoing trauma for hundreds, including Plaintiffs.

4.6 The Vessel was designed and built by Does 06 through 10, under the direction and control of Carnival and/or Costa Crociere.

4.7 For Defendants, profits are more important than safety. They designed the Vessel to maximize passenger carrying capacity, but at the expense of seaworthiness, and passenger safety.

4.8 In addition to maximizing the number of passengers carried, the Vessel was also designed to be brought directly to dock, so that its many passengers would not need to be ferried from the Vessel to land.

4.9 To maximize passenger carrying capacity, the Vessel was designed with a very tall superstructure, the amount of hull above the waterline, and a very shallow draught, the amount of hull below the waterline.

4.10 The Vessel's shallow draught made it unstable, and susceptible to tilting during the allision with the rock, rendering many of its lifeboats useless for the intended purposes of saving lives and avoiding injury.

4.11 Comparisons between the Vessel and the RMS Titanic are valid and apt. Both were very large by the standards applicable at the time. As with the Titanic, the Vessel was designed to be Europe's largest cruise ship ever. Both were considered safe (and in fact the RMS *Titanic* was considered "unsinkable.") But, both suffered from design flaws that led to their tragic sinkings, injuries and death.

4.12 When the Vessel hit the rock, it opened up a large gash on the port side, flooding at least three of the Vessel's seven so-called watertight compartments. Despite its great size, the Defendants followed a dated and outmoded standard which required the Vessel remain afloat only if two of its watertight compartments flooded. Like the RMS *Titanic*, with its watertight compartments flooded, the Vessel was doomed, as were its passengers, guests and crew.

4.13 Once its watertight compartments flooded, the Vessel began to list to port, or tilt to the side. Because of the extreme list and its great 13-deck height, and because the Captain delayed in giving the evacuation order, the lifeboats on the starboard side of the vessel could no longer be launched.

4.14 The sheer scale of the Vessel and its passenger areas, designed to accommodate up to 3,780 passengers and more than 1,000 crew, created evacuation challenges not planned for or addressed by Defendants. Unlike the RMS *Titanic*, the evacuation routes on the Vessel confused many passengers, with the result no quick or easy evacuation could be performed.

4.15 In this emergency, the internal architecture of the Vessel turned into a deadly maze and labyrinth, so complex there was no way to plan for or organize a safe and efficient evacuation plan. This complex design and architecture, coupled with inept or absent leadership, led to the chaos and confusion causing the injuries and deaths suffered by the Vessel's passengers and crew, including Plaintiffs.

4.16 Defendants ultimately were responsible for the design of the Vessel, and ensuring her crew could implement safety programs designed to work with a Vessel of this size and complexity, to evacuate the passengers of the Vessel safely, and without injury or loss of life.

4.17 Defendants failed to fulfill responsibilities under governing laws and regulations. As a result, some people died and many people were injured.

4.18 Defendants are being sued for their strict liability, independent acts of wrongdoing, breaches of duty and negligent acts, all of which caused and contributed to this tragedy, the loss of life by some, and the injuries of hundreds more, including Plaintiffs.

## V. CAUSES OF ACTION

5.1 The foregoing paragraphs are re-alleged as though fully again set forth.

5.2 Plaintiffs' injuries were caused by the Vessel, a defective product designed, manufactured and sold by Defendants, who were engaged in the business of placing products, like and including the Vessel, into the stream of commerce, and in fact charging passengers to ride aboard the defective product.

5.3 The Vessel was defective, and reached Plaintiffs without substantial change from its condition at the time it was originally sold. These defects rendered the Vessel unreasonably dangerous, which was the producing cause of injury to Plaintiffs, and for which Defendants are strictly liable.

5.4 Defendants knew, or should have known, of the risk of harm to Plaintiffs by allowing them to sail on the Vessel, but breached their duty to warn any of the passengers, including Plaintiffs, of the risks associated with sailing on the Vessel. This lack of adequate warning of the Vessel's many defects was the producing cause of injury to Plaintiffs.

5.5 Defendants owed a duty to Plaintiffs to keep them safe from harm while on and using the Vessel for its intended purpose.

//

5.6 Defendants breached that duty by failing to design the Vessel so that it would meet the minimum necessary safety factors in the target design environmental condition, *i.e.*, sailing the ocean, carrying passengers. Defendants further breached their duty to Plaintiffs by failing to warn users of this Vessel of the defective design and dangers posed while using the Vessel as intended.

5.7 Defendants Carnival and Costa Crociere were each separately liable for the negligent operation of the Vessel and for the training of its crew as well as for approving the inherently defective design of the Vessel.

5.8 As a result of Defendants' breaches of duty, Plaintiffs were injured, and suffered the damages here alleged.

## VI. GROSS NEGLIGENCE

6.1 The condition of the Vessel encountered by Plaintiffs exposed them to extreme hazards. By designing the Vessel to maximize passenger carrying capacity, at the expense of seaworthiness, and by failing to design an interior that could be evacuated consistently in a safe manner, Defendants were on notice of multiple dangerous and deadly conditions onboard the Vessel. Nonetheless, Defendants failed to warn Plaintiffs of the defects in the Vessel, thus exposing Plaintiffs to the consequences of Defendants' actions.

6.2 Defendants proceeded with knowledge or conscious indifference that their failure to properly design the Vessel, and to warn passengers and crew of the dangers posed by the defective design, would result in injury and/or death to users of the Vessel, including Plaintiffs. Despite that knowledge, and the understanding a high likelihood existed that injury or death would result from their acts or failures to act, Defendants proceeded in disregard of their knowledge, and subjected Plaintiffs to the dangerous conditions which resulted from these acts and failures to act. Accordingly, Defendants are liable for gross negligence and punitive damages.

//

//

## VII. DAMAGES

7.1 As a direct and proximate result of Defendants' conduct, including negligence and breaches of duty for which they are strictly liable, Plaintiffs suffered the following injuries and resultant damages, including, but not limited to: (a) mental anguish in the past; (b) lost earnings; (c) physical pain and suffering; (d) conduct entitling them to punitive and moral damages; (e) all such other and further damages as allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be entered in their favor in the amount of at least $10,000,000, and punitive damages as determined by the finder of fact in this case, as against the Defendants, representing their actual damages in an amount exceeding the jurisdictional limits of this Court, together with prejudgment and postjudgment interest, excluding from this sum any amounts for their claim for punitive damages, which they leave to the discretion of this Court, guided by its conscience, attorney's fees, and costs of suit, and for all such other and further relief to which they may show themselves justly entitled, in law and equity.

DATED: June 25, 2012

Respectfully submitted,

GILMAN & ALLISON LLP

*/s/ David S. Toy*

David S. Toy
Attorneys for Plaintiffs, Patricia Sandoval and Nicholas Taliaferro

**OF COUNSEL**:

GILMAN & ALLISON LLP
Douglas T. Gilman
Brenton J. Allison
Sunrise Lake Center
9307 Broadway, Suite 407
Pearland, TX 77584
Email: dgilman@gilmanallison.com
Email: ballison@gilmanallison.com

EAVES LAW FIRM
John Arthur Eaves, Jr.
101 North State Street
Jackson, MS 39201-2811
Telephone: 601 355 7961
Email: johnjr@eaveslaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 5517 GW (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | **[ ] Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | **[ ] Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
David S. Toy
Gilman & Allison LLP
9307 Broadway, Suite 407
Pearland, TX 77584

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA SANDOVAL, an individual, and NICHOLAS TALIAFERRO, an individual, PLAINTIFF(S) | CASE NUMBER CV12-5517 -GW(SHx) |
| v. | |
| CARNIVAL CORPORATION, a Panamanian corporation; COSTA CROCIERE, SpA, an Italian public limited company; see additional page DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, David S. Toy, whose address is 9307 Broadway, Suite 407 Pearland, TX 77584. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 25 2012

By: [signature] Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**ATTACHMENT TO SUMMONS – ADDITIONAL PARTIES**

JOHN DOES 01 through 05, individuals; and

JOHN DOE CORPORATIONS 06 through 10, corporations.

BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PATRICIA SANDOVAL and NICHOLAS TALIAFERRO

**DEFENDANTS**
CARNIVAL CORPORATION; COSTA CROCIERE, SpA; John Does 01 through 05, individuals; and John Doe Corporations 06 through 10, corporations

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gilman & Allison LLP, 9307 Broadway, Suite 407, Pearland, TX 77584
Telephone: 888 225 5767

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1331 and 1333; Product Liability Personal Injury

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☑ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-5517

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego;<br>San Diego |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Miami-Dade County, FL;<br>Italy |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Italy |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ David S. Toy **Date** June 25, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |