UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIAL SANDOVAL, an Individual, and NICHOLAS TALIAFERRO, an individual<br><br>Plaintiffs,<br><br>CARNIVAL CORPORATION, a Panamanian corporation, MICKY ARISON, an individual, HOWARD S. FRANK, an individual, ARNOLD W. DONALD, an individual, JOSEPH FARCUS, an individual, JOSEPH FARCUS ARCHITECT, P.A., a professional association, JOHN DOES 02 through 05, individuals, and JOHN DOE CORPORATIONS 07 through 10, corporations,<br>Defendants. | Case No. 12-cv-5517-FMO (SHx)<br><br>~~Judge: Hon. Fernando M. Olguin~~<br>~~Courtroom: 22, 5th Floor~~<br><br>**NOTE CHANGES MADE BY THE COURT** |

---

**ST~~IPULATED~~ CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

---

To preserve and maintain the confidentiality of trade secrets, proprietary information, other confidential commercial or financial information, personal data, and documents containing any of the above information (collectively referred to as "CONFIDENTIAL INFORMATION"), ~~with the agreement of the parties to the above-captioned matter (the "Litigation"),~~ and for good cause shown, the Court *Grants Carnival's EX Parte Application and* enters this ~~Stipulated~~ Confidentiality Agreement and Protective Order ("Order") as follows:

1. **Initial Designation**

    1.1 **Good Faith Claims.** Claims of confidentiality will be made only with respect to documents, other tangible things, and information that the asserting party in good faith believes are entitled to protection from discovery or disclosure as trade secrets, proprietary

information, other confidential commercial or financial information, and private consumer and personal data, and recognized under applicable law as entitled to protection from public disclosure. For purposes of this Order, CONFIDENTIAL INFORMATION shall also include Personal Data as defined in subparagraph 1.7 below. CONFIDENTIAL INFORMATION shall not include information already available in the public domain.

    **1.2**    **Produced Documents**. A party producing documents that it believes in good faith constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label or stamp that contains language substantially identical to the following:

> **CONFIDENTIAL**
> Subject to Protective Order in the U.S. District Court for the
> C.D. Cal., No. 12-cv-5517-FMO
> Do not copy or disclose.

As used herein, the term "documents" includes all writings, other media on which information is recorded (including electronically stored information), and other tangible things subject to production under the Federal Rules of Civil Procedure or federal law and specifically includes deposition transcripts and interrogatory answers.

    **1.3**    **Interrogatory Answers**. If a party answering an interrogatory believes in good faith that its answer contains CONFIDENTIAL INFORMATION, it shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but that document should not be attached to the interrogatories.

    **1.4**    **Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION needs to be made in advance of the inspection. If the

inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies are produced.

**1.5   Deposition Transcripts.** During a deposition, a deponent, deponent's counsel, or a party may inform the other parties to the action that the deposition transcript is believed in good faith to contain CONFIDENTIAL INFORMATION. If such notice is given during the deposition, the deposition transcript in its entirety shall be considered as CONFIDENTIAL INFORMATION until such time as the designating party withdraws or limits its confidential designation. If only portions of the testimony can be reasonably deemed as CONFIDENTIAL INFORMATION, the designating party shall limit its designation within to only those pages and lines in the transcripts that disclose CONFIDENTIAL INFORMATION. If the deposition transcript is not designated as confidential during the deposition, the deponent, deponent's counsel, or a party has twenty-five (25) calendar days after the receipt of a final deposition transcript from a court reporter to inform the other parties to the action that the deposition transcript, or portions thereof, contains CONFIDENTIAL INFORMATION. The parties shall limit their confidential designations to only those portions of the deposition that contain CONFIDENTIAL INFORMATION, and only those portions of the deposition transcript in which the purportedly CONFIDENTIAL INFORMATION was disclosed shall be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

**1.6   Multipage Documents.** A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.2 on the

first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.2 on each page of the document containing CONFIDENTIAL INFORMATION. A party may designate CONFIDENTIAL INFORMATION within a deposition transcript by reference to page and line, and any party receiving a page/line designation will mark the deposition transcript in its possession in accordance with subparagraph 1.2.

    **1.7    Personal Data Protected Under EC Directive.** Directive 95/46/EC of the European Parliament and Council, 24 October 1995 ("EC Directive") and national privacy laws of the European Union member states protect individuals residing in the EU with regard to the processing and transfer of their personal data ("Personal Data") to non-EU countries such as the United States. In recognition of these provisions as a matter of comity, the Court shall authorize the designation of documents containing such Personal Data to be deemed as CONFIDENTIAL INFORMATION, again in good faith compliance with Defendants' compliance and obligations with EU law. As such, parties with EU employees, i.e., Costa Crociere S.p.A. and Carnival PLC, may designate as confidential those documents (whether in electronic, paper or other form) containing Personal Data in accordance with subparagraph 1.2 above. Only those documents that are reasonably deemed in good faith to encompass Personal Data under EU law shall be so designated.

    **2.    Objections to Designations**

    **2.1    Generally.** Any party objecting to a designation of CONFIDENTIAL INFORMATION, including objections to portions of depositions or designations of multipage documents, shall notify in writing the designating party and all other parties of the bates-numbers of the documents or the page numbers of deposition testimony that the objecting party contends

are not confidential. If it wishes to maintain the CONFIDENTIAL INFORMATION designation over the documents or deposition testimony that are the subject of objecting party's objection, the producing party (or any other person or entity with standing to invoke protection under this Order), after good faith conferral with the non-producing party, may then file a motion within twenty (20) calendar days of delivery of the objection and show good cause under Rule 26(c) to the Court that the documents or deposition testimony are entitled to protection as CONFIDENTIAL INFORMATION. The designating party shall bear the burden of demonstrating to the Court that the challenged document or information is entitled to protection under applicable law. Failure to file a motion within this time period will be deemed to be a withdrawal of the CONFIDENTIAL INFORMATION designation. All documents initially designated as CONFIDENTIAL INFORMATION shall be treated as CONFIDENTIAL INFORMATION in accordance with this Order unless and until the Court rules otherwise. In reliance on this Order a designating party shall not withhold production of documents it seeks to designate as CONFIDENTIAL INFORMATION prior to a determination by the Court as to whether the documents are deserving of confidentiality protection under applicable law.

3. **Custody.** All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1.

4. **Handling Prior to Trial**

    4.1 **Authorized Disclosures**. CONFIDENTIAL INFORMATION shall be disclosed by the receiving party to the following persons, only after having obtained a written acknowledgment from the person receiving CONFIDENTIAL INFORMATION, in the form

5

attached hereto, that he or she has been advised of the existence and terms of this Order and has agreed to be bound by it:

    a.    Experts and their staff who are consulted by counsel for a party in the Litigation;

    b.    Other persons, not including counsel, clients, court staff, or their employees, who have a legitimate need to review such CONFIDENTIAL INFORMATION in connection with the Litigation.

A receiving party who discloses CONFIDENTIAL INFORMATION in accordance with this subparagraph shall retain the written acknowledgement from each person receiving CONFIDENTIAL INFORMATION, shall maintain a list of all persons to whom a receiving party has disclosed CONFIDENTIAL INFORMATION, and shall furnish the written acknowledgments and disclosure list to the Court upon its request or order.

A receiving party may also disclose CONFIDENTIAL INFORMATION to the Court in the Litigation, including judicial staff, in accordance with subparagraph 4.3 of this Order. The parties to this Litigation, their insurers, and counsel of record, including their associates, clerks, paraprofessionals, and secretarial personnel, and qualified persons taking testimony in this litigation, including necessary stenographic, videotape, and clerical personnel, who are bound by a professional duty of nondisclosure, are authorized to have access to CONFIDENTIAL INFORMATION, but only to the extent necessary for their participation in the Litigation.

Disclosure of CONFIDENTIAL INFORMATION is authorized only to the extent necessary to investigate, evaluate, prosecute, defend or adjudicate the Litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee or agent of a competitor) of the designating party, the disclosing party shall give at least ten (10) business days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with

6

particularity the documents to be disclosed. If, within that ten (10) business-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**4.2** **Unauthorized Disclosures.** If CONFIDENTIAL INFORMATION is disclosed other than as authorized by this Order, the party or person responsible for the unauthorized disclosure, and any other party or person who is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom CONFIDENTIAL INFORMATION was directed as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

**4.3** **Court Filings.** Absent prior agreement of the parties authorizing disclosure, in the event any of the parties intend to file documents constituting or containing CONFIDENTIAL INFORMATION, the parties agree to follow the procedures set forth in Rule 79-5 of the Local Rules of the Central District of California ("Local Rule"). Wherever possible, redactions shall be made on any documents that are only partially Confidential, including Personal Data, which may then be filed in the public record in redacted form. Additionally, the parties shall comply with the procedures of Local Rule 79-5 in connection with sealed filings with the Court.

CONFIDENTIAL INFORMATION shall not lose its confidential status merely as a consequence of being used in any Court proceeding herein.

7

5. **Handling During Legal Proceedings.** CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

6. **Handling After Disposition.** Within ninety (90) calendar days after the final conclusion of this litigation (including any appeals), counsel for each receiving party shall provide to the producing/designating party written certification that all CONFIDENTIAL INFORMATION, transcripts, and copies thereof, including all electronic versions, have been destroyed. In the event information protected pursuant to this Order is placed into any digitized or other computer readable format, counsel for the receiving party shall certify to the removal of such documents from any and all computers and electronic storage devices unless the removal of this protected information is not reasonably accessible and will result in undue burden or cost.

7. **No Implied Waivers.** The entry of this Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities, nor as the basis to avoid any obligation to furnish information in response to a discovery request. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions. Nothing in this Order shall be interpreted as a waiver of a party's right to assert that this Court is an inconvenient forum for adjudication of the dispute between the parties.

8. **Inadvertent Disclosure of Privileged Information and Claw-Back Agreement.** Inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall not constitute a waiver of privilege, and any such document (including all copies) shall be returned to the

8

producing party immediately upon their written request. Upon notification, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy. The parties agree that steps taken or not taken by a producing party to prevent any inadvertent disclosure shall not be grounds to claim that such disclosure creates a waiver of privilege. The parties further agree that any delay in the discovery of inadvertently disclosed privileged information by the producing party shall not be grounds to claim that the privilege is waived. Federal Rule of Evidence 502 shall apply to this Order to the extent it does not conflict with the agreement of the parties as reflected in this Order.

9. **Reasonable Care**. Any person in possession of CONFIDENTIAL INFORMATION produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the CONFIDENTIAL INFORMATION in order to ensure that the confidential nature of same is maintained. Parties receiving CONFIDENTIAL INFORMATION will have in place appropriate technical and organizational measures to protect CONFIDENTIAL INFORMATION against accidental or unlawful destruction or accidental loss, alteration, unauthorized disclosure or access, and which provide a level of security appropriate to the risk represented by the processing and the nature of the CONFIDENTIAL INFORMATION to be protected. The receiving party will also have in place procedures so that any person listed in subparagraphs 4.1 (a) and (b) that it authorizes to have access to CONFIDENTIAL INFORMATION, will respect and maintain confidentiality and security of such information. Any person acting under the authority of the receiving party,

9

including persons mentioned in subparagraphs 4.1 (a) and (b), shall be obligated to process the CONFIDENTIAL INFORMATION only on instructions from the receiving party. The receiving party will identify to the producing party a contact point within its organization authorized to respond to inquiries concerning processing of the CONFIDENTIAL INFORMATION, and will cooperate in good faith with producing party concerning all such inquiries within a reasonable time. Any recipient of CONFIDENTIAL INFORMATION shall be liable for damages it causes by any breach of the clauses of this Order. Liability is limited to actual damage proven by a preponderance of evidence.

10. **Use In This Litigation Only**. Without limiting any of the foregoing, no CONFIDENTIAL INFORMATION produced by any party in connection with this litigation shall be used for any purpose except the purposes of this litigation, including trial preparation and trial.

11. **No Implied Admissions**. Neither this Order nor the designation of any item as CONFIDENTIAL INFORMATION shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Own Information and Voluntary Disclosures**. This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

13. **No Abrogation of Rights**. This Order shall in no way abrogate or diminish any preexisting contractual, statutory, or other legal obligations or rights of any party with respect to CONFIDENTIAL INFORMATION.

14. **Further Protective Orders.** Nothing in this Order shall preclude a party from seeking and obtaining from the Court a further protective order for any documents and information as to which such party believes this Order may be insufficient.

15. **Survival of Protection.** The terms of this Order shall survive the conclusion of the Litigation through for seven (7) years following final settlement, judgment or appeal.

DONE and ORDERED in Chambers in Los Angeles, California, this 24/ day of April, 2013.

_____
United States ~~District~~ Judge

Copies furnished to:
*Counsel of Record*

11